## T. G. McGehee v. J. L. Lane.

1. Parties aggrieved by rulings of the district court on questions of evidence must make the rulings matter of record by proper bills of exception, in order to entitle themselves to a revision of the rulings by this court. It does not suffice that the rulings were complained of in a motion for a new trial—no bill of exceptions having been taken.

2. When part of a conversation is introduced as evidence, the party against whom it is offered is entitled to call out the entire conversation.

3. The instrument sued on was a certificate-of a remarkable cure of the defendant's eyes effected by the plaintiff's assignor ; and it concluded with an equivocal acknowledgment of indebtedness to some doctor therefor. The defendant pleaded *non est factum* under oath, and also an unsworn denial of any indebtedness to the plaintiff. *Held*, that in such a case it was error to instruct the jury that the only issue before them was the genuineness of the defendant's signature to the instrument. For, though the unsworn denial of indebtedness may have been demurrable, yet it tendered an issue of fact which was accepted by the plaintiff's omission to demur to it ; and that issue imposed on the plaintiff more evidence than that of the execution of the instrument.

Appeal from Hays. Tried below before the Hon. J. J. Thornton.

The opinion of the court fully discloses the material facts of this somewhat *sui generis* case. The suit was brought by the son and assignee of the Dr. Lane mentioned in the instrument sued on.

No brief for the appellant has reached the hands of the Reporter.

*L. J. Storey*, for the appellee, insisted that as there was neither bill of exceptions nor assignment of errors, all errors were waived; and cited Gibbs v. Anthony, 31 Texas, 157 ; Riggs v. Horde, 25 Sup. Texas, 461 ; Seawell v. Lowery, 16 Texas, 50 ; Hutcheson v. Owen, 20 Texas, 288 ; and Paschal's Digest, article 1591.

Counsel further contended that as appellant neither excepted to

the charge of the court, nor asked such charges at the trial as he deemed proper to be given, he could not be heard to object in this court to the charge which was given—citing Converse v. McKee, 14 Texas, 30; Berry v. Donley, 26 Texas, 748: Thatcher v. Miller, 14 Texas, 16; and Howard v. Colquhoun, 28 Texas, 134.

WALKER, J.—If the appellant had obtained a bill of exceptions to the ruling of the court complained of in his motion for a new trial, we should have felt bound to reverse the judgment on that ground alone. When a witness is introduced for the purpose of proving part of a conversation, the party against whom the evidence is offered has a right to call out the entire conversation; but the record does not show that the court ruled otherwise.

But there is error in the charge of the court, wherein it is charged that the only issue for the jury to try was as to the execution of the note. This was certainly not correct. The very short and imperfect answer of November 4, 1869, cannot be entirely ignored. It denies all indebtedness whatever to the plaintiff; and this, in connection with the plea of *non est factum*, which was properly sworn to, certainly called on the plaintiff for more proof than the simple execution of the note. The plea might have been bad on demurrer, but it was not demurred to, and whatever issue it tendered the plaintiff accepted.

The instrument is of a very unusual and suspicious character. It was doubtless intended as a puff for Dr. Lane. The defendant may have been willing to acknowledge that Lane had performed a miracle in restoring him to sight, but it may not have been his intention to acknowledge an indebtedness of three hundred dollars on the same instrument, and it was a very unusual proceeding. The language is, "for the above I am due the doctor three hundred dollars." What doctor? Doctors Herff and Edwards are named in this instrument as well as Dr. Lane. The whole instrument reads as follows:

"Lockhart, March 26, 1867.

"To all whom it may concern—I do certify that I was blind with chronic sore eyes seven years, and had been under Drs. Herff and Edwards, of San Antonio, for twelve months, and quite blind and given up as a hopeless case. I heard of Dr. Lane as an oculist, and applied to him; and, lo and behold, in nine short days I had no more use for my guide; can see very clear, and of course can recommend Dr. Lane as a *shore* (*sic*) eye doctor. For the above I am due the doctor three hundred dollars.

"Thos. G. McGehee."

This instrument, if ever signed by the appellant, was evidently no promise to pay Dr. Lane three hundred dollars, and cannot be legally so treated. It might be regarded as the admission of an indebtedness to some one, and perhaps could be explained to mean Dr. Lane. The parties doubtless did not regard it as a promissory note, or they would have affixed the proper revenue stamp to it.

The judgment of the district court is reversed and the cause remanded.

Reversed and remanded.